IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VITANTONIO, INC., <br> 10445 Stone Ridge Dr. <br> Kirtland, OH 44094 <br><br> *Plaintiff,* <br><br> v. <br><br> CITY OF WICKLIFFE, <br> 28730 Ridge Road <br> Wickliffe, OH 44092 <br><br> *Defendant.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. <br><br> JUDGE <br><br><br><br><br><br><br> **COMPLAINT FOR DECLARATORY** <br> **JUDGMENT, PRELIMINARY AND** <br> **PERMANENT INJUNCTION, AND** <br> **MONEY DAMAGES** |

For its Complaint against Defendant the City of Wickliffe ("Wickliffe"), Plaintiff Vitantonio, Inc. ("Vitantonio") alleges and states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and 28 U.S.C. § 1367(a).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because all the events giving rise to this action occurred, and the Property is located in, this District. Venue is property pursuant to Local Rule 3.8(b) since Wickliffe is located within this District.

3. Vitantonio owns the real property and improvements located at 29707 Euclid Ave., Wickliffe, OH 44092 (the "Property").

4. In December 2019, Wickliffe caused a Criminal Summons to issue for alleged failure to register the vacant building located on the Property under Wickliffe's Ordinance 1175 (the "Ordinance").

1

5. The Ordinance requires a commercial vacant building registration fee of $400 the first year and it doubles each year thereafter without limit. A copy of Wickliffe's registration form and fee schedule is attached hereto as **Exhibit 1**.

6. Section 1175.06 of the Ordinance provides that "The fees shall be reasonably related to the administrative costs for registering and processing the vacant building owner registration form and for the costs incurred by the City in monitoring the vacant building site. The annually increased fee amounts shall be reasonably related to the costs incurred by the City for demolition and hazard abatement of or repairs to vacant buildings, as well as the continued normal administrative costs stated above."

7. Section 1175.06(b) of the Ordinance provides "The owner of a vacant commercial building shall pay an annual fee of four hundred dollars ($400.00) for the first year the building remains vacant. For every consecutive year that the building remains vacant the annual fee will be assessed at double the previous year's fee amount for all subsequent years of vacancy."

8. Starting for registration year 2020, Vitantonio paid $400 the first year, $800 the second year, $1,600 the third year, $3,200 the fourth year, $6,400 the fifth year, and $12,800 for the sixth year (which is 2025). A copy of Wickliffe's Invoice for $12,800 for the vacant building registration fee for the Property for 2025 is attached as **Exhibit 2**.

9. Section 1175.99 of the Ordinance provides that violations are punishable a provided in Chapters 1156 and 1158 of the Wickliffe Building Code, both of which provide for fines not more than $1,000 or imprisonment of not more than six months (or both) for each day a violation continues.

10. The annual registration fee doubling every year under the Ordinance is not reasonably related to any actual administrative or monitoring costs incurred by Wickliffe.

11. The annual registration fee doubling every year is a punishment in violation of Section 1175.06 of the Ordinance as well as the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution (the "Excessive Fine Clauses").

12. The annual registration fee doubling every year is also a violation of Vitantonio's right to own private property without undue interference or penalties in violation of Article I, Sections 1 and 19 of Ohio's Constitution.

13. The annual registration fee doubling every year is a violation of 42 U.S.C. § 1983, entitling Vitantonio to its reasonable attorney's fees in accordance with 42 U.S.C. § 1988(b).

14. Wickliffe has enforced the Ordinance through criminal proceedings against Vitantonio.

15. Wickliffe failed and refused to respond to Vitantonio's February 5, 2025, demand that Wickliffe agree not to enforce Section 1175.06(b) of the Ordinance and to refund the excessive fees paid to date.

16. Section 1175.06(b) of the Ordinance is an unconstitutional penalty under the Excessive Fines Clauses.

17. There is no constitutionally permitted basis to support any claim that the fee for the stated purposes of the Ordinance would double every year without limit.

18. As Wickliffe's own fee schedule shows, the fee doubling without limit increases the annual fee to more than $6.5 million dollars by year 15.

19. Vitantonio seeks a declaratory judgment that the annual registration fees of Section 1175.06(b) of the Ordinance in excess of Wickliffe's actual administrative or monitoring costs are

in violation of Section 1175.06 of the Ordinance and unconstitutional under the Excessive Fine Clauses.

20. Vitantonio seeks a preliminary and permanent injunction against the enforcement of the annual registration fees in excess of Wickliffe's actual administrative and monitoring costs under the Ordinance.

21. Vitantonio seeks money damages including a refund of the $25,200.00 in registration fees paid to date in excess of Wickliffe's actual administrative or monitoring costs, plus its reasonable attorney's fees.

## COUNT ONE (DECLARATORY JUDGMENT)

22. Vitantonio incorporates the preceding paragraphs as though fully set forth herein.

23. A genuine dispute exists between Vitantonio and Wickliffe regarding the enforceability of Section 1175.06(b) of the Ordinance and its provision for the vacant commercial building registration fee to double each year without limit.

24. Vitantonio is entitled to a declaratory judgment that the automatic doubling of fees of Section 1175.06(b) of the Ordinance violates the requirement of Section 1175.06 that "[t]he fees shall be reasonably related to the administrative costs for registering and processing the vacant building owner registration form and for the costs incurred by the City in monitoring the vacant building site. The annually increased fee amounts shall be reasonably related to the costs incurred by the City for demolition and hazard abatement of or repairs to vacant buildings, as well as the continued normal administrative costs stated above."

25. Vitantonio is entitled to a declaratory judgment that the annual registration fees of Section 1175.06(b) of the Ordinance in excess of Wickliffe's actual administrative or monitoring costs are in violation of Section 1175.06 of the Ordinance.

26. Vitantonio is also entitled to a declaration that Section 1175.06 of the Ordinance is unconstitutional both on its face and as applied to Vitantonio in violation of the Excessive Fines Clauses.

27. Vitantonio is further entitled to a declaration that Section 1175.06 of the Ordinance is unconstitutional both on its face and as applied to Vitantonio in violation of its right to own private property without undue interference or penalties in violation of Article I, Sections 1 and 19 of Ohio's Constitution.

28. Vitantonio is entitled to a preliminary and permanent injunction against Wickliffe enforcing Section 1175.06(b) of the Ordinance in excess of Wickliffe's actual administrative or monitoring costs.

## COUNT TWO (MONEY DAMAGES)

29. Vitantonio incorporates the preceding paragraphs as though fully set forth herein.

30. Wickliffe, acting under color of state law, has violated Vitantonio's rights under the United States Constitution as set forth above.

31. Pursuant to 42 U.S.C. § 1983, Vitantonio is entitled to money damages in the amount by which the registration fees it has paid exceed the actual administrative and monitoring costs incurred by Wickliffe under the Ordinance, as well as reasonable attorneys' fees and costs.

WHEREFORE, Vitantonio prays for judgment against Wickliffe as follows:

A. On Count One, for a declaration that the annual registration fees of Section 1175.06(b) of the Ordinance in excess of Wickliffe's actual administrative or monitoring costs are in violation of Section 1175.06 of the Ordinance and unconstitutional in violation of the Excessive Fines Clauses of the Constitutions of the United States and Ohio; and for a preliminary and permanent injunction against Wickliffe enforcing Section 1175.06(b) of the Ordinance in excess of Wickliffe's actual administrative or monitoring costs;

B. On Count Three, for compensatory damages against Wickliffe in excess of $25,000.00, plus statutory interest, costs, and expenses, all to be established more particularly at trial;

C. On all Counts, for such interest and attorneys' fees as are allowed by law; and

D. For such other and further relief as this Court deems just and equitable.

/s/ Mark Rodio
Mark L. Rodio (0065134)
Gregory Farkas (0069109)
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, OH  44114
Direct (216) 515-1640
Fax (216) 515-1650
mrodio@frantzward.com
gfarkas@frantzward.com

*Attorneys for Plaintiff Vitantonio, Inc.*